UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| RITA KITTELL | ) |
| | ) |
| **Plaintiff** | ) No. 1:20-cv-8-GNS |
| | ) |
| v. | ) |
| | ) |
| UNITED OF OMAHA | ) |
| LIFE INSURANCE COMPANY | ) |
| | ) *ELECTRONICALLY FILED* |
| **Defendant** | ) |

## NOTICE OF REMOVAL

\* \* \* \* \* \* \*

Comes the Defendant, United of Omaha Life Insurance Company ("Omaha"), and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and other applicable law, hereby removes this action from the Circuit Court of Warren County, Kentucky to the United States District Court for the Western District of Kentucky, Bowling Green Division. In support of thereof, the Defendant states as follows:

1. On or about December 17, 2019, the complaint in Warren Circuit Court Civil Action No. 19-CI-01708 was filed by the Plaintiff, Rita Kittell, against Omaha (the "Complaint"). The summons, along with the Complaint, were served on Omaha by the Secretary of State via certified mail and received on or about January 2, 2020. A copy of the Complaint and summons is attached hereto as **Exhibit A** and constitutes all process, pleadings and orders filed or served to date in this action, pursuant to 28 U.S.C. §1446(a).

2. Upon information and belief, the Plaintiff is a citizen of the Commonwealth of Kentucky. (Complaint ¶ 1).

3. Omaha, a Nebraska corporation, is a wholly owned subsidiary of Mutual of Omaha Insurance Company.

4. This Notice of Removal is filed within thirty (30) days after receipt by Omaha of the copy of Complaint and summons in this action and Plaintiff is estopped from seeking remand of this matter on this basis.

5. Notice to the Warren Circuit Court of the removal of this action, including a true and correct copy of this Notice is filed simultaneously herewith with the Clerk of the Warren Circuit Court as required by 28 U.S.C. § 1446(d). **Exhibit B**.

6. This action is of a civil nature arising from the Plaintiff's claim for an alleged breach of contract involving a claim for benefits pursuant to employee welfare plans, specifically a short-term disability plan established by Plaintiff's employer and funded by a short-term disability insurance policy issued through Omaha and a long-term disability plan established by Plaintiff's employer, and funded by a long-term disability insurance policy issued through Omaha. Plaintiff seeks a judgment for the benefits of the applicable insurance plans including an award of attorney's fees.

**FEDERAL QUESTION JURISDICTION**

7. This is an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132 and 1144, inasmuch as the Complaint claims short-term and long-term disability benefits provided by an employee welfare benefit plan, established or maintained by Plaintiff's employer and regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* In the Complaint, the Plaintiff

explicitly seeks benefits provided under Group Insurance Policy No. GLTD-0ABUW (the "Policy") which insure long-term disability benefits through an employee benefit plan. The Policy states that it will be interpreted under the Employee Retirement Income Security Act of 1974, as amended.

8. The Complaint asserts Plaintiff's rights to recover benefits under the terms of the Policy. *See* Complaint ¶ 8 ("The LTD Policy provide for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.")

9. In her Complaint, Plaintiff alleges, alternatively, that Omaha's decision to deny her claim for long-term disability benefits violates ERISA (Complaint ¶ 23) and she asserts a claim for relief which she expressly bases on ERISA's remedy provision, 29 U.S.C. § 1132(a) and (g). (Complaint. ¶ 24).

10. The employee benefit plans established and maintained by CGS, and any claim for benefits thereunder, are subject to ERISA. As a result, there can be no genuine dispute that this action is governed by ERISA and that this Court, therefore, has original federal subject matter jurisdiction over it. Specifically, this is an action for benefits arising under ERISA, and as such, 29 U.S.C. § 1132(e)(1) confers original jurisdiction upon the District Courts of the United States over claims initiated by plan participants, beneficiaries, or fiduciaries to recover benefits due or to enforce rights under employee benefit plans governed by ERISA.

11. The state law claims alleged in the Plaintiff's Complaint are preempted by ERISA, as it provides exclusive federal remedies for resolution of claims relating to plan benefits by plan participants and beneficiaries. 29 U.S.C. §§ 1132 and 1144. Further, while federal preemption is ordinarily a defense and, as such, would not satisfy the well-pleaded complaint rule for removal purposes, causes of action filed in state court that are completely preempted by ERISA because

they come within the scope of Section 1132(a) are removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Briscoe v. Fine*, 444 F.3d 478, 496-98 (6th Cir. 2006); *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 942 (6th Cir. 1995); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991).

The Supreme Court has emphasized that the "ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 208 (citations omitted). It is well-settled that ERISA's preemption provision is broad, and the Sixth Circuit has noted that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell*, 944 F.2d at 1276 (citations omitted). ERISA has broad preemptive power because Congress' "policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id*. at 208-09. *Davila* affirms this principle, holding "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id*. at 209.

To determine whether a claim is completely preempted, the Supreme Court has stated "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." "Whether a duty is 'independent' of an ERISA plan, for purposes of the *Davila*

4

rule, does not depend merely on whether the duty nominally arises from a source other than the plan's terms." *Gardner v. Heartland Indus. Partners LP*, 715 F.3d 609, 613 (6th Cir. 2012).

Complete preemption, however, does not have to be readily apparent on the face of a complaint: "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002). "[D]istinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA simply 'by relabeling their… claims.'" *Davila*, 542 U.S. 214; *see also Briscoe*, 444 F.3d at 499. Neither "can the mere fact that the state cause of action attempts to authorize remedies beyond those authorized by ERISA § 502(a) put the cause of action outside the scope of the ERISA civil enforcement mechanism." *Davila*, 542 U.S. at 214-215.

12. Because this case and relief requested is subject to ERISA, Plaintiff's demand for trial by jury is nullified by controlling federal law.

13. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Kentucky, and, as noted above, this cause of action is removable to the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1441, as an action founded upon a claim or relief arising out of the laws of the United States.

**WHEREFORE**, the Defendant, United of Omaha Life Insurance Company, removes this action from the Warren Circuit Court to the United States District Court for Western District of Kentucky, at Bowling Green.

Respectfully submitted,

Hon. Trevor L. Earl
MCBRAYER PLLC
500 West Jefferson Street, Suite 2400
Louisville, Kentucky 40202
(502) 327-5400
tearl@mcbrayerfirm.com

Hon. Stephen G. Amato
MCBRAYER PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
(859) 231-8780
samato@mcbrayerfirm.com

BY  /s/ Trevor L. Earl
    TREVOR L. EARL
    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2020, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Hon. Philip G. Fairbanks
Hon. Bartley K. Hagerman
MEHR, FAIRBANKS & PETERSON
TRIAL LAWYERS, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507

 /s/ Trevor L. Earl
ATTORNEYS FOR DEFENDANT